PETER ZWANGIZER, Respondent, *v.* ISIDOR NEWMAN, Appellant.

*Evidence — a defendant calling a physician, sent by him to examine the plaintiff, cannot introduce a report made by the physician to such defendant — what question, asked of the plaintiff by the defendant, as to the former's recollection or truthfulness, rests in the discretion of the court.*

Where, on the trial of an action to recover damages for an assault and battery, a physician, sent by the defendant to examine the plaintiff with a view to ascertaining the extent of the latter's injuries, testifies fully to the result of his examination, the defendant is not entitled to introduce as evidence in chief a written report or memorandum of the examination furnished to him by the physician, where it does not appear that there was any failure or exhaustion

of the physician's memory or any impeachment of the memorandum on cross-examination.

Whether or not the plaintiff in such an action should, on his cross-examination, be required to answer a question as to whether his recollection, by reason of his condition, was the same in the case of all answers made by him as in the case of a certain answer just made, rests in the sound discretion of the trial court.

Appeal by the defendant, Isidor Newman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of June, 1902, upon the verdict of a jury for $350, and also from an order granted the 14th day of July, 1902, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*J. Charles Weschler,* for the appellant.

*Henry Escher, Jr.* [*George F. Elliott* with him on the brief], for the respondent.

Hirschberg, J.:

The plaintiff has recovered a judgment for damages for assault and battery. His case is supported by his own evidence alone as to the occurrence, while the defendant's denial is corroborated by three witnesses. These witnesses, however, are a brother, and a regular and an occasional employee of the defendant, and there is nothing in the circumstances and the surroundings of the transactions which requires interference by an appellate court with the result reached by the jury. The law on the subject of a preponderance of evidence was carefully and accurately explained to the jury by the learned trial justice, and while the case fairly admitted a contrary conclusion, it was within the province of the jury to believe the plaintiff in preference to those who testified against him.

A physician sent by the defendant to examine the plaintiff with a view to ascertaining the extent of the injuries, testified fully to the results of his examination. A written report or memorandum of the examination furnished by the witness to the defendant was excluded when offered by defendant as evidence. In this there was no error. There was no failure or exhaustion of memory, and no impeachment of the memorandum on cross-examination, and the document was clearly incompetent as evidence in chief. (*Russell* v. *Hudson*

*River Railroad Co.,* 17 N. Y. 134; *People* v. *McLaughlin,* 150 id. 365, 392.)

Nor was it error to exclude the question addressed to the plaintiff on cross-examination whether his recollection by reason of his condition was the same upon all answers made by him as upon a certain answer just made. The allowance or rejection of such a question, whether addressed to the recollection or to the truthfulness of a witness, is within the sound discretion of the trial court, and no case is cited in support of the proposition that a ruling similar to the one complained of constitutes reversible error.

The judgment and order should be affirmed.

GOODRICH, P. J., BARTLETT, WOODWARD and HOOKER, JJ., concurred.

Judgment and order affirmed, with costs.